UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LYNN FISCHER,                )
                             )
        Plaintiff,            )
                             )
   vs.                        )        1:10-cv-1186-SEB-TAB
                             )
BEAZER HOMES, INC.,          )
                             )
        Defendant.            )

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Before this Court is Plaintiff's motion seeking leave to amend the complaint to include a claim of fraud and misrepresentation. [Docket No. 23.] Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend their complaint as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." This rule reflects a liberal attitude toward amendments, and a court should freely grant leave when justice requires. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). However, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Id.*

Defendant opposes Plaintiff's motion on the basis that the proposed amendment is futile. [Docket No. 30.] An amendment is futile if it could not withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). For a fraud claim to survive a motion to dismiss, the plaintiff must allege "(1) at least one representation of past or existing fact that (2) is false, (3)

1

was made with knowledge or reckless disregard of its falsity, and (4) causes reasonable reliance to the detriment of the person relying upon it." *Bowman v. City of Indianapolis*, 133 F.3d 513, 518–19 (7th Cir. 1998) (citing *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 319 (Ind. Ct. App. 1991); *Plymale v. Upright*, 419 N.E.2d 756, 760 (Ind. Ct. App. 1981)). Additionally, a plaintiff must "state with particularity the circumstances constituting the fraud . . . ." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." *Id.*

Plaintiff's proposed fraud claim centers around three similar statements:

! "I was reassured by the construction managers that although there were cracks in the walls, Beazer was a large company located in numerous states; and that Beazer stands by their product and that is why they give you a home warranty." [Docket No. 23, Ex. 4 at 1–2.]

! "Beazer assured me that if anything was wrong with the home they would stand behind their work until it was done to my satisfaction." [*Id.*]

! "No matter what happens with the basement, you have an additional warranty to handle and repair any issues with the home." [*Id.*]

Despite these allegations, Plaintiff has not alleged a false representation. First, Plaintiff's brief concedes that she received the warranty in December 2005. [*Id.*] Second, the above statements do not include any representations about the terms of the warranty. Perhaps Plaintiff is attempting to allege that Defendant represented that the terms of the warranty will cover the problems with the home, but such an allegation is not set forth in the proposed amendment.[1] *See*

---

[1] It is unreasonable to infer that Defendant intended to "stand behind their work" beyond their contractual and warranty obligations, especially since the statement references the warranty. [Docket No. 23, Ex. 4 at 1–2.] *See Kaye v. D'Amato*, 357 F. App'x 706, 710 (7th Cir. 2009) ("To survive a motion to dismiss, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

*Trzeciak v. State Farm Fire & Casualty Co.*, No. 2:10-cv-358-JTM-PRC, 2011 WL 831126, at *3 (N.D. Ind. Mar. 1, 2011) (explaining that plaintiffs must give defendants adequate notice of the specific activity of fraud, so that the accused may file an effective response).

In any event, Defendant's alleged representations deal with the future application of the warranty or a future promise to repair, which cannot be the basis of a fraud claim since the representation must be of past or existing fact. *Wright-Moore Corp. v. Ricoh Corp.*, 908 F.2d 128, 141 (7th Cir. 1990) ("[A]ctionable fraud cannot be predicated upon a promise to do a thing in the future, although there may be no intention of fulfilling the promise."); *Biberstine v. N.Y. Blower Co.*, 625 N.E.2d 1308, 1315 (Ind. Ct. App. 1993) ("[A]ctual fraud may not be based on representations regarding future conduct, or broken promises, unfulfilled predictions or statements of existing intent which are not executed."). Indeed, Plaintiff did not even file a reply brief in response to Defendant's argument that the proposed amendment only alleges future promises. [Docket No. 30 at 8–11.]

Furthermore, Plaintiff has completely failed to allege that the statements were made with knowledge or reckless disregard of their falsity, and has not alleged that she reasonably relied on any of Defendant's statements to her detriment.[2] Because Plaintiff has failed to sufficiently allege each element of fraud, Plaintiff's proposed amendment would not survive a motion to dismiss and is therefore futile. At bottom, this case is about an alleged breach of contract and an alleged failure to abide by the terms of a warranty. It is not a case about fraud, or at least

---

[2] Plaintiff also claims that she did not receive the warranty until December 2005, and that she felt pressured into signing the purchase agreement. [Docket No. 23 at 8.] These allegations are irrelevant to a claim of fraud and are more akin to contractual defenses such as adhesion and unconscionability. *See, e.g., Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 377 (7th Cir. 1990).

Plaintiff's amended allegations are insufficient to bring this case into that realm. Plaintiff's motion for leave to amend the complaint [Docket No. 23] is therefore denied without prejudice.

Dated: 08/26/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Robert David Epstein
EPSTEIN COHEN DONAHOE & MENDES
rdepstein@aol.com

Jason A. Flora
EPSTEIN COHEN DONAHOE MENDES & SEIF
jason.flora@gmail.com

Karoline E. Jackson
BARNES & THORNBURG LLP
kjackson@btlaw.com