UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNN FISCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:10-cv-1186- SEB-TAB |
| vs. | ) |
| | ) |
| BEAZER HOMES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION
## TO COMPEL ARBITRATION
(Docket No. 19)

The Court, having reviewed Defendant's Motion to Compel Arbitration and Plaintiff's Brief in Opposition thereto as well as Defendant's Reply, and being duly advised, hereby concludes that the facts and the law are with Defendant. Defendant's motion must therefore be granted.

In October 2005, the parties entered into a Purchase Agreement for the construction and purchase of a residential home located in Fishers, Indiana. Following completion of the construction and the closing on the contract in July, 2006, a dispute arose when Plaintiff became dissatisfied with certain alleged construction defects. Paragraph 22 of the Purchase Agreement requires mandatory, binding arbitration of all claims or disputes arising out of the Agreement. Specifically, Paragraph 22 requires mandatory binding arbitration of:

> . . . any and all claims or disputes between [Plaintiff] and [Defendant] . . . arising out of or relating, directly or indirectly, to this Agreement, whether in tort or in contract, the development, design or construction of the Home . . . . Binding arbitration shall be the sole remedy for resolving any and all disputes between [Plaintiff] and [Defendant].
>
> * * * *
> This agreement to arbitrate shall be governed by the Federal

> Arbitration Act (9 U.S.C. § 1 *et seq*.) to the exclusion of any inconsistent state law, regulation or judicial decision. Any party to this Agreement may bring an action...to compel arbitration of any controversy or claim to which this Agreement applies in any court having jurisdiction over such action. . . .

This section of the Agreement is followed by, in enlarged, bold type, an express waiver of court and jury trial and an agreement to binding arbitration, which provision Plaintiff initialed at the time she executed the contract thereby signaling her understanding and specific acceptance of it's terms. There is no genuine issue of material fact concerning the contractual provision relating to arbitration.

Plaintiff's lawsuit, brought in apparent contradiction of the above contractual agreement, asserts claims for breach of contract, negligence, and breach of warranty for alleged construction defects in the home, that is, in Defendant's designing, constructing, repairing, supervision and inspecting of the home, and in failing to construct the dwelling in a workmanlike manner. [Complaint at ¶¶ 39 & 42.] Plaintiff seeks money damages from Defendant for tort and contract claims arising out of the "development, design or construction of the Home."

Defendant by its motion to compel arbitration seeks to enforce Paragraph 22 of the parties' agreement. Plaintiff resists the motion on two grounds. First, Plaintiff argues that Defendant implicitly waived its right to arbitration under this section through its delay in seeking to assert those rights and by engaging in and participation with plaintiff in the pending litigation. Over the eight month time period between Plaintiff's filing of this Complaint and Defendant's Motion to Compel Arbitration, Plaintiff contends that Defendant acted inconsistently with its contractual right to arbitrate and thereby waived it.

Plaintiff's second ground for resisting Defendant's Motion to Compel is that the arbitration

agreement is unconscionable and thus unenforceable. Plaintiff cites as evidence of this unconscionability an alleged power differential between herself as an individual and Defendant as a corporation. The parties unequal bargaining power overbore Plaintiff's understanding and the voluntariness of her acquiescence in the contractual terms. More specifically, Plaintiff claims not to have known what rights she was relinquishing in signing this agreement and that she lacked sufficient time within which to review the relevant documents before signing them. Plaintiff characterizes the "broad arbitration agreement... (as) a prime example of a contract of adhesion in that (she) had to take it, or forego the property in which she had already invested a multitude [sic] of time and expense." [Plaintiff's Brief in Opposition, p. 9.] Plaintiff also objects to Defendant's having retained the exclusive right and power to name an arbitrator "at its sole discretion," citing this provision as further evidence of the unconscionability of the contract. We address Plaintiff's two objections to the motion below.

Plaintiff's claim of implied waiver of the arbitration provision by Defendant based on the eight month interval following the filing of the Complaint and before the filing by Defendant of its Motion to Compel is without factual or legal substance. Defendant explains that this time was spent by mutual agreement of the parties, when together early settlement opportunities were being explored in an attempt to reach a voluntary resolution of the issues raised in the Complaint. The pretrial extensions of time sought and obtained from the court were agreed to by both parties. Further, no discovery was conducted during this time, no depositions taken, no pretrial scheduling order entered or pretrial deadlines set, and no trial date set. Plaintiff does not dispute the procedural facts nor Defendant's assertion that it notified Plaintiff in a timely fashion of its intention to pursue arbitration consistent with the parties' contractual agreement.

3

The Seventh Circuit has held that a finding of a waiver of a right to arbitrate is appropriate when "based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." Welborn Clinic v. MedQuist, Inc., 301 F.3d 634, 637 (7th Cir. 2002) (citing Grumhaus v. Comerica Securities, Inc., 223 F.3d 648, 650-1 (7th Cir. 2000)). "Litigating a claim is clearly inconsistent with any perceived right to arbitration." Welborn Clinic, 301 F.3d at 637. The Court of Appeals noted that Defendant in that case never sought to litigate the case in either federal or state court, never resisted any demands by Plaintiff to submit to arbitration, and in fact Defendant moved to compel arbitration less that two months after the litigation was filed by Plaintiff, all of which is inconsistent with a firm commitment to arbitrate. Further, while lengthy delay can lead to a finding of an implicit waiver of arbitration, the Seventh Circuit observed that "such delay is normally evidenced by substantial participation in the opposing party's litigation." Id.

Over the seven-plus[1] month period between the filing of the lawsuit by Plaintiff and Defendant's motion to compel, the docket reflects no activity to suggest that either party was engaged in litigating this case. The docket notes four unopposed motions for extensions of time, after which the Court directed the defendant to answer within seven (7) days, and that order prompted the Motion to Compel. While Plaintiff references in her brief (page 6) in opposition to the motion to compel that Defendant had made "numerous requests for discovery to answer the complaint which are indicative of their [sic] intent to litigate," since not such activity is reflected on

---

[1] Plaintiff refers to the eight months of litigation that occurred between her filing of the Complaint and Defendant's filing of its Motion to Compel Arbitration. In point of fact, the time period is approximately a week more than seven months – i.e., September 20, 2010, to April 29, 2011. We will regard the references to eight months by Plaintiff as a rhetorical exaggeration intended to buttress her underlying contention of prejudicial delay and implied waiver.

4

the docket sheet, we assume that these requests occurred as part of the voluntary discussions aimed at mediating the parties' disagreements in an effort to resolve them without necessity of full-blown litigation.

Plaintiff does not directly dispute Defendant's description of events transpiring over the eight month period, relying instead merely on the fact of the eight month delay. This is not, however, a sufficient basis on a finding of an implied waiver of a party's right to compel arbitration can properly be based. See Scaffidi v. Fiserv, Inc. 218 Fed. Appx. 519 (7th Cir. 2007). Under the totality of the circumstances, we cannot say that Beazer acted inconsistently with its contractual right to arbitrate this agreement and has not elected a judicial forum over an arbitral tribunal.

As for Plaintiff's second ground for resisting the Motion to Compel, namely, that the arbitration provision is "facially and effectually unconscionable" and the contract as a whole is one of adhesion which the Court should not enforce due to the unequal bargaining power to the parties, we pause to note our concern over the apparent inconsistency between Plaintiff's overall lawsuit which seeks to enforce the contract and its attempt to negate or disavow one of its central provisions that requires arbitration of any dispute that arises under the contract. Indiana law clearly does not permit a party to a contract to seek affirmative relief from a transaction it previously entered into and to disavow the arbitration provision set out in the same contract. TWH, Inc. v. Binford, 898 N.E. 2d 451 (Ind. Ct. App. 2008).

Plaintiff maintains, in effect, regarding her unconscionability claim, that she was pressed for time when the closing on this contract occurred, that she lacked adequate time to review the documents carefully and that she was being pressured at the time to review and sign the various documents in less than ten minutes. She claims that she had little chance to try to acquire an

5

understanding or to negotiate specific terms. Assuming the truthfulness of these factual assertions, we note that there is no evidence that she was misled by Defendant or that any fraudulent misrepresentations were made by Defendant. Defendant rejoins by noting that Plaintiff, herself, is, in fact, an experienced real estate agent, that she is well familiar with this kind of contract and required documentation, and that she placed her initials at various places throughout the contract to signify her acceptance of those provisions at the time of the closing. Defendant also notes that Plaintiff had her own reasons at the time for wanting to hurry the transaction in an apparent desire to capitalize on the opportunity to secure this particular property which she regarded as a preferred location for her new home. There is no evidence, in any event, that Plaintiff was prevented from consulting with or securing counsel to review the documents prior to the closing and/or to represent her at the closing; nor is there evidence that she affirmatively asked for, and did not receive additional time to study the contract before she executed in a way that would have constituted oppressive conduct by Defendant..

Even if we were to accept Plaintiff's contention that a disparity existed between the parties in terms of bargaining power, this alone does not make a resultant contract provision unconscionable. "The purpose of the unconscionability doctrine is to prevent unfair surprise and oppression.." Pierson v. Dean,Witter, Reynolds, Inc., 742 F.2d 334, 339 (7th Cir. 1984). The Pierson Court refused to hold the arbitration provision unconscionable without the support of evidence beyond mere allegations of unfairness. The same is true here: there is no evidence beyond the claimed unfairness, and even the alleged claimed unfairness is not entirely convincing.

Finally, and briefly, our review of the arbitration provision in the Purchase Agreement makes clear that the contract language does not allow Defendant to unilaterally select the arbitrator, as

6

Plaintiff contends that it does. Under the agreement. Defendant is entitled to select the arbitration <u>service</u>, per paragraph 22. The power to choose the arbitration service does not entitle Defendant to select the arbitrator who will ultimately decide the merits of the parties' dispute. The plain language of the purchase agreement defeats Plaintiff's final basis for opposing the motion to remand.

## **CONCLUSION**

The arbitration provision in Paragraph 22 of the parties' Purchase Agreement makes clear the parties' intention to pursue arbitration should a dispute arise under the terms of their Agreement. Such a dispute has obviously arisen. Therefore, the parties must proceed to arbitration in accordance with their Agreement. None of the grounds raised by Plaintiff warrant a contrary result. The Motion to Compel Arbitration is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Date: 12/06/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Robert David Epstein
EPSTEIN COHEN DONAHOE &
MENDES
rdepstein@aol.com

Jason A. Flora
EPSTEIN COHEN DONAHOE MENDES
& SEIF
jason.flora@gmail.com

Karoline E. Jackson
BARNES & THORNBURG LLP
kjackson@btlaw.com